IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY STEVENS,

     Plaintiff,                    No. CIV S-06-0720 LKK EFB

     vs.

CITY OF RED BLUFF, et al.,

     Defendants.            ORDER
_____/

This case was the before court on January 17, 2007, for hearing on defendant's motion to exceed the seven hour limit on plaintiff's deposition. Laurence L. Angelo appeared as defense counsel and Paul L. Rein appeared as plaintiff's counsel. Having reviewed the submitted papers and heard oral argument, the court denies defendant's motion, as set forth herein.

I. BACKGROUND

This action is proceeding on the complaint filed by plaintiff on April 3, 2006. Plaintiff seeks damages and injunctive relief against defendant, City of Red Bluff, for various, alleged violations of the Americans with Disabilities Act, the Rehabilitation Act of 1973, California Government Code section 4450, et seq., California Government Code section 11135, and

////

////

1

California Civil Code sections 54 and 54.1.[1] The bulk of plaintiff's claims arise from the six-year period during which he served as a city council member for the City of Red Bluff, as well as his brief five-month tenure as mayor. In large part, plaintiff's claims concern defendant's alleged response (or lack thereof) to plaintiff's physical disabilities, including its alleged failure to accommodate his visual impairment and otherwise bring various city properties into compliance with federal and state disability laws.

Citing among other things the multiple issues, voluminous documents, and six-year period at issue in this case, defendant request an additional fourteen hours to depose the plaintiff. Remarkably, the fourteen hours would be in addition to the more than adequate seven hours allowed under Rule 30(d)(2) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Plaintiff opposes defendant's motion. However, as an alternative, plaintiff offered to extend the deposition by three hours, to be conducted over the course of two days, for five hours each day. Defendant declined that offer.

II. ANALYSIS

Rule 30(d)(2) provides in relevant part:

> Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours. The court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent.

The Notes of the Advisory Committee on the 2000 amendments to Fed. R. Civ. P. 30 provide the following elucidation:

> Paragraph (2) imposes a *presumptive durational limitation* of one day *of seven hours* for any deposition. . . . The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order.

*Id.* (emphasis added).

////

---

[1] Defendant Susan Price, City Manager of the City of Red Bluff, was voluntarily dismissed from the case on January 4, 2007.

2

1   The court finds that defendant has not demonstrated good cause for an order extending
2   plaintiff's deposition. Seven hours is more than adequate to depose the plaintiff in this case.
3   There certainly is no basis to extend the deposition to twenty-one hours. The court is
4   unconvinced that the complexity of this case warrants additional time to conduct a fair
5   examination of the witness. With the dismissal of Price, there now exists only one defendant
6   (and one plaintiff), and only one attorney will be deposing the plaintiff. There is nothing
7   extraordinary in complexity about the complaint. It asserts five causes of action which arise out
8   of the same core of operative facts. All appear to be factually related to his six-year tenure as a
9   city council member for the City of Red Bluff.

10   Moreover, the court is unmoved by defendant's assertion that additional time is needed
11   due to the "voluminous collection of documents" involved. *See* Joint Statement Regarding
12   Discovery Disagreement Pursuant to Local Rule 37-251 ("Joint Statement"), at 13:11-17. The
13   court notes that defendant refused plaintiff's requests to provide copies of the documents in
14   advance of the deposition, even though doing so would significantly curtail the length of the
15   deposition. *See* Joint Statement, at 15:16-23. If plaintiff – who is visually impaired – can review
16   the "voluminous collection of documents" in advance of the deposition, he can spend the
17   deposition time answering questions concerning those documents rather than reviewing them.
18   Although defendant claimed at oral argument that he cannot disclose the documents because he
19   intends to use them to impeach plaintiff during the deposition, the court is unconvinced by this
20   argument.

21   First, Rule 30(d)(2) specifically contemplates this situation. The Advisory Committee
22   expressly states that:

23   > Parties considering extending the time for a deposition--and courts asked to order an
>    extension--might consider a variety of factors. For example, . . . in cases in which the
24   > witness will be questioned about numerous or lengthy documents, it is often desirable for
>    the interrogating party to send copies of the documents to the witness *sufficiently in*
25   > *advance of the deposition* so that the witness can become familiar with them

26   *Id.* (emphasis added). A deliberate decision not to do so is not good cause for extending a

3

deposition beyond the presumptive time limit set by the rule, especially when such deposition could readily and reasonably be completed within seven hours.

Secondly, the court doubts that every document in the "voluminous collection" will be used for impeachment purposes.[2] Indeed, at the hearing defense counsel conceded that he intends to withhold fewer than 100 pages for what he characterizes as "impeachment." Further, counsel's discussion of withholding documents has not been precise as to context. Although the issue was not raised by either party at the hearing or in their Joint Statement, defendant has cited no authority for withholding documents or other evidence until such time as the deposition occurs. Notwithstanding defense counsel's strategy plans for the deposition, counsel must comply with the discovery rules regarding disclosure.

The Federal Rules of Civil Procedure exempt from the parties' otherwise mandatory automatic disclosures such evidence that a party may present "at trial . . . solely for impeachment." Fed. R. Civ. P. 26(a)(3).[3] By its plain language, this rule is directed at preserving the effectiveness of impeachment evidence for use *at trial*. The rule does not appear to contemplate preserving impeachment evidence for use during a deposition. Furthermore, unlike subsection (a) of Fed. R. Civ. P. 26, subsection (b) of that rule does not distinguish between substantive and impeachment evidence. *Gutshall v. New Prime, Inc.*, 196 F.R.D. 43, 45

---

[2] The court also notes that, as a general matter, depositions are one of several discovery devices used for *gathering* information from a witness. The information and statements gathered during the deposition may later be used for purposes of impeachment *at trial*. *United States v. McKenna*, 327 F.3d 830, 838 (9th Cir. 2003) (The "lawful and common purpose in taking depositions is to catch a witness in a lie for impeachment use *at trial*.") (emphasis added).

[3] There is some debate among the circuits with regard to the word "solely" as it is used in Fed. R. Civ. P. 26(a)(3). That is, when impeachment evidence also has substantive value, courts differ on whether a party may properly admit such evidence if it was not previously disclosed. In *Klonoski v. Mahlab*, 156 F.3d 255, 270 (1st Cir. 1998), the appellate court ordered a new trial after impeachment evidence that had not previously been disclosed was admitted at trial. The court found that such evidence was at least in part substantive, and was therefore not used "solely for the purposes of impeachment." *Id.* at 270. Contrarily, the Seventh Circuit in *DeBlasio v. Illinois Grand Cent. R.R.*, 52 F.3d 678 (7th Cir. 1995), found that the trial erred in excluding previously undisclosed impeachment evidence that also had some substantive value.

(W.D. Va. 2000) (ordering disclosure of surveillance evidence that was responsive to a discovery request made pursuant to Fed. R. Civ. P. 26(b)).  Thus, if evidence that has impeachment value is subject to mandatory disclosure or was requested in discovery, a litigant who fails to reveal such evidence faces having it excluded at trial, or other ramifications.  *See* Wright, Miller & Marcus, *Federal Practice and Procedure*: Civil 2d § 2015, at 220 (2d ed. 1994).  For example, in *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 518 (5th Cir. 1993), the court vacated a judgment after an impeaching surveillance video tape was not disclosed until trial.

In this case, the discovery deadline has not yet expired, and the parties appear to still be in the process of propounding and collecting discovery.  Accordingly, the court does not decide here the appropriateness of defendant's plan to withhold certain documents until the plaintiff's deposition, where he plans to disclose them at that time for impeachment purposes.  However, defendant is reminded of his disclosure obligations under Fed. R. Civ. P. 26(a) *and* (b), and nothing in this order shall be construed as relieving defendant of such obligations.

Thus, in accordance with the foregoing, the court orders defendant to produce in advance of plaintiff's deposition copies of the bulk of documents to be used during the examination so that the deposition may proceed in an efficient and timely manner.  Provided that defendant supplies the copies as directed, the court grants defendant an additional three hours to depose plaintiff, as previously proposed by plaintiff.

III. CONCLUSION

In accordance with the foregoing, IT IS ORDERED that:

1. Defendant's motion for an additional fourteen hours to depose plaintiff is denied;

2. Defendant shall provide to plaintiff in advance of the deposition copies of the bulk of documents to be used during the examination, withholding only those documents that will be used solely for impeachment; and,

/////

////

5

3. Provided that defendant makes those copies available, the court grants defendant an additional three hours to depose plaintiff; the deposition shall be conducted over the course of two days, for five hours each day, or as otherwise agreed by the parties.

DATED: January 19, 2007.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE